## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TERMAINE CLAIBORNE,**

    **Plaintiff,**                        **CASE NO.: 8:16-cv-02382-JSM-TBM**

**v.**

**EMPERORS TAMPA, INC.,**

    **Defendant.**

_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW

Plaintiff TERMAINE CLAIBORNE ("Plaintiff"), and EMPERORS TAMPA, INC. ("Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter and dismiss this matter with prejudice. Since Plaintiff's claims arise, in some part, under the Fair Labor Standard Act ("FLSA"), settlement of this matter must be approved by this Court. A copy of the settlement agreement between the Parties are attached as Exhibit "A."

    **I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee or former employee

against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee' FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the matter action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendant were both represented by counsel experienced in FLSA matters.

The Parties agree that the instant action involves disputed issues. Such issues included whether Plaintiff was employed by Defendant, whether Plaintiff worked for Defendant more

than 40 hours in one or more workweeks, whether Plaintiff was owed "overtime" pay pursuant to the FLSA, and if overtime damages were due, whether liquidated damages are appropriate, whether Defendant was liable to Plaintiff for alleged violations of 42 U.S.C. §1981 ("Section 1981").

## II.   Terms of Settlement

The total gross settlement Defendants have agreed to pay will settle all claims raised by Plaintiff and any legal fees due to Plaintiff's attorneys is as follows:

A.   DAMAGES:  The parties have agreed to settle Plaintiff's claims for a total of $3,850.00.  Based on the time and pay records, such amount covers all alleged unpaid overtime compensation, liquidated damages and additional compensation to cover other claims.

Defendant agreed to compromise and pay overtime compensation allegedly owed, as well as liquidated damages, notwithstanding the factual defenses and defenses to liquidated damages.

After settlement negotiations, and analyzing the time and pay records and the factual and legal disputes, Plaintiff has agreed to accept the gross sum $3,850.00 to resolve his claims in full.

B.   ATTORNEY'S FEES/COSTS:  Plaintiff's counsel will receive $3,150.00 in attorney's fees and costs.  The Parties have agreed this is a reasonable fee under the circumstances of this case.  Attorney's fees were negotiated separately from Plaintiffs' recovery and without regard to the amount of Plaintiffs' recovery. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009); *see also Passeri v. Apria Healthcare, Inc.*, Case No. 3:09-cv-257, at 2 f.3 (M.D. Fla. Feb. 3, 2010).

**WHEREAS,** for the reasons more fully explained herein, the Parties jointly and respectfully request that this Court approve the settlement agreement between Plaintiff and Defendant and dismiss the instant action with prejudice.

Respectfully submitted this 6th day of October, 2017.

| | |
|---|---|
| /s/Christopher J. Saba | /s/Luke Lirot |
| **CHRISTOPHER J. SABA** | **LUKE LIROT** |
| Florida Bar Number: 0092016 | Florida Bar Number 714836 |
| **WENZEL FENTON CABASSA, P.A.** | **LUKE CHARLES LIROT, P.A.** |
| 1110 North Florida Ave., Suite 300 | 2240 Belleair Road, Suite 190 |
| Tampa, Florida 33602 | Clearwater, Florida 33764 |
| Direct: 813-321-4086 | Telephone: (727) 536-2100 |
| Main: 813-224-0431 | Facsimile: (727) 536-2110 |
| Facsimile: 813-229-8712 | Email: luke2@lirotlaw.com |
| Email: csaba@wfclaw.com | Email: jimmy@lirotlaw.com |
| Email: tsoriano@wfclaw.com | **Attorneys for Defendant** |
| **Attorneys for Plaintiff** | |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 6th day of October 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

/s/Christopher J. Saba
**CHRISTOPHER J. SABA**