# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made effective this 30th day of September, 2017, by and between Termaine Claiborne, ("Claiborne"), and Emperors Tampa, Inc., and all officers, directors and shareholders of said corporation, ("EMPERORS"), (collectively referred to as the "Parties") and individually each of the Parties may be referred to herein as a "Party".

## RECITALS

WHEREAS, a dispute has arisen between the Parties, including claims made by Claiborne against Emperors Tampa, Inc., for alleged violations of employment law.

WHEREAS, the Parties desire to settle, resolve and dispose of any and all allegations and claims made or which may have been asserted in the Litigation and all applications for attorneys' fees arising out of that case.

WHEREAS, the Parties expressly deny any liability in connection with the allegations made by either Party in the Lawsuit, and this Agreement and the performances hereunder are made and assumed for the compromise and settlement of disputed claims and are not, and shall not be construed to be, an admission of liability, an admission of the truth of any fact, or a declaration against any interest on the part of either Party.

WHEREAS, the Parties desire to avoid incurring further litigation expenses and to resolve all disputes between them.

WHEREAS, Termaine Claiborne was represented by Christopher J. Saba, Esquire, of Wenzel, Fenton, Cabassa, P.A., in connection with the previously described dispute, and during settlement negotiations which resulted in this Agreement.

WHEREAS, Emperors Tampa, Inc., were represented by Luke Lirot, Esquire and The Law Offices of Luke Lirot, P.A., in connection with the previously described dispute, and during settlement negotiations which resulted in this Agreement.

WHEREAS, each Party will bear its own costs and attorneys' fees associated with the Lawsuit, the negotiations which led to this Agreement, and preparation of the Agreement itself other than the payments set forth in Paragraph 4 below.

NOW, THEREFORE, in consideration of the mutual covenants, promises and conditions to be performed by each of the Parties, and set forth in their entirety herein, the Parties expressly, knowingly, and voluntarily agree as follows:

1.     Recitals. The above recitals are true and correct and incorporated herein by this reference.

2. **Effective Date.** The term "Effective Date" shall be construed to mean the date when the Parties executed this Settlement Agreement and Mutual release, and delivered a fully executed or counterpart of this Agreement to the other parties hereto.

3. **Adequate Consideration.** The Parties expressly stipulate that the consideration set forth in this Agreement is adequate and ample consideration for the rights and claims they are waiving under this Agreement, and for the obligations imposed by virtue of this Agreement. The Parties further acknowledge that the benefits and consideration they have elected to receive by execution of this Agreement are fair and adequate.

4. **Consideration.** Payment of $3,850.00 is to be made payable to Plaintiff, for which an IRS Form 1099 will issue, and payment of $3,150.00 to Wenzel, Fenton, Cabassa, P.A., for which an IRS Form 1099 will issue, to be disbursed, on or before October 11, 2017, in consideration of waiving any and all past and present claims against Emperors Tampa, Inc.

5. **Payment Conditions.** Within three (3) days of the Receipt of Payment, unless otherwise extended by the Parties whose consent shall be reasonably provided to such request, Termaine Claiborne, through their counsel Christopher J. Saba, Esquire, of Wenzel, Fenton, Cabassa, P.A., shall provide to Luke Lirot, Esquire, of the Law Offices of Luke Lirot, P.A., an executed and dated notice of voluntary dismissal with prejudice from the lawsuit Case No. 8:16-cv-02382-JSM-TBM, filed in the U.S. District Court for the Middle District of Florida. Emperors Tampa, Inc., also agrees to pay 100% of the cost of mediation in this matter.

6. **Entry of Judgment on upon Default.** Should Emperors Tampa, Inc. fail to remit an installment payment to Claiborne or to their counsel, and should such default continue for more than ten (10) days after written notice is given to Emperors Tampa, Inc.'s Counsel, Emperors Tampa, Inc. agrees that Claiborne shall be entitled to the entry of judgment with the full amount of damages, plus pre- and post-judgment interest, and costs to be determined by the Court, for which execution shall issue forthwith.

7. **Release.** In consideration of the payment of the Settlement Funds and of the Parties' mutual promises and covenants contained in this Agreement, the adequacy of which are hereby acknowledged:

(a) Termaine Claiborne does for himself, heirs, personal representatives, successors, assigns, trustees and legal representatives, hereby release and forever discharge Emperors Tampa, Inc., and their respective successors, assigns and representatives, including but not limited to their respective representatives, officers, managers, directors, subsidiary companies, independent contractors, affiliated companies, parent corporations, employees, partners, agents, principals, shareholders and attorneys, and each of them, past, present or future (the "Released Parties"), of and from any and all actions, claims, causes, causes of action, suits, debts, dues, sums of moneys, demands, rights, damages, costs, expenses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, obligations or liabilities of any kind or nature and compensation whatsoever whether known or unknown, fixed or contingent, whether at law or in equity, or otherwise (including any claims for damages, interest, fees and/or attorneys' fees), which Termaine Claiborne ever had, now has, or which any personal representative, successor, assign,

trustee, legal or representative or heir of Termaine Claiborne hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Effective Date of this Agreement, against Emperors Tampa, Inc.

(b) Emperors Tampa, Inc., does for itself, heirs, personal representatives, successors, assigns, trustees and legal representatives, hereby release and forever discharge Termaine Claiborne, and his respective successors, assigns and representatives, including but not limited to their respective representatives, officers, managers, directors, subsidiary companies, independent contractors, affiliated companies, parent corporations, employees, partners, agents, principals, shareholders and attorneys, and each of them, past, present or future (the "Released Parties"), of and from any and all actions, claims, causes, causes of action, suits, debts, dues, sums of moneys, demands, rights, damages, costs, expenses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, obligations or liabilities of any kind or nature and compensation whatsoever whether known or unknown, fixed or contingent, whether at law or in equity, or otherwise (including any claims for damages, interest, fees and/or attorneys' fees), which Emperors Tampa, Inc., ever had, now have, or which any personal representative, successor, assign, trustee, legal or representative or heir of Emperors Tampa, Inc., hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Effective Date of this Agreement, against Termaine Claiborne.

8.  Confidentiality. The Parties and their counsel agree to keep strictly confidential and to not disclose the terms, facts, existence of or amount of this Agreement, or the facts underlying this Agreement or the events leading up to it, to any person other than the Parties' accountant(s), income tax preparer or similar professional, taxing authorities, a trustee in a bankruptcy proceeding, as compelled by process of law, or as necessary to enforce this Agreement. To the extent that the Parties or their counsel are required to disclose this information in obtaining professional advice, the Parties shall instruct such professional that this information is to be kept confidential. The Parties expressly agree this provision is a material and essential provision of the Agreement. The Parties further expressly agree that any default under this section shall provide the Parties the right to seek injunctive relief without posting a bond and shall likewise provide the Parties the right to seek any damages caused by such a breach.

9.  Ownership/Authority. The Parties represent and warrant that: (i) the Parties are duly authorized to enter into this Agreement and may lawfully bind each other and all persons or entities on whose behalf the Parties have agreed herein; and (ii) the Parties have not sold, pledged, encumbered, or otherwise disposed of, in whole or in part, voluntarily or involuntarily, any of the claims released in the release above.

10. Default. In the event of a default by either Party hereunder, the other Party shall be entitled to avail itself of all rights and remedies at law or in equity. Each Party to this Agreement also agrees that nothing in this section is intended to limit any Party's right to obtain injunctive and other relief as may be appropriate.

11. Legal Advice. The Parties represent and warrant that they have had, or have had the opportunity to obtain, the advice of counsel of their choice and/or such other persons as they may have deemed appropriate, and that they have carefully read and fully understood all of the

terms of this Agreement, including the release and the obligations contained herein and that they enter into this Agreement voluntarily.

12. **Choice of Law and Venue.** This Agreement shall be governed by, and construed in accordance with the substantive law of the United States and State of Florida and jurisdiction and venue shall only be proper in the U.S. District Court for the Middle District of Florida.

13. **Attorneys' Fees.** In the event of a default under or other breach of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including fees for paralegals, in any action or proceeding, including any appeal.

14. **Entire Agreement and Severability.** The Parties hereby declare, warrant and represent that the consideration recited in this Agreement is the sole and only consideration and that there have been no promises, representations, inducements, or agreements made except as herein contained. This Agreement reflects the entire agreement by and between the Parties, and no statement, promise or inducement that is not contained herein shall be valid and binding. The invalidity or unenforceability of any provision of this Agreement, shall not affect the validity or enforceability of any other provision of this Agreement.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement. Facsimile signatures shall have the same effect as original signatures. Each party will be entitled to a fully executed photocopy of the original.

16. **Interpretation.** The terms, provisions and language of this Agreement have been jointly negotiated and drafted by the Parties and their respective counsel. Nothing in this Agreement should be construed or interpreted against any Party herein as the drafting party or any other similar rules of construction.

17. **Amendment.** This Agreement may not be amended, except in a writing that is signed by the Parties.

18. **Continuing Jurisdiction.** The parties hereby agree that the Court will retain jurisdiction to acknowledge and enforce the terms and conditions of this Settlement Agreement.

19. **Bankruptcy.** The Parties agree that none of the obligations due under this Agreement shall be dischargeable in any bankruptcy proceeding.

(REMAINDER LEFT INTENTIONALLY BLANK)

IN WITNESS WHEREOF, this Agreement is executed by the parties as of the date first-above written.

4

_[signature]_  
Termaine Claiborne

Date: 30 SEPT 17

_[signature]_  
Authorized Representative for  
Emperors Tampa, Inc.

By:  
Its: President

Date: 10/6/17